NORWICH PHARMACAL Co., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 720.  Argued June 16, 1930.—Decided July 18, 1930.

*Besosa & Besosa* for petitioner.  *Rafael Muñoz Ramos* for defendant in the main action.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The Norwich Pharmacal Company brought an action of debt against José Ryan in the Municipal Court of San Juan. After a judgment was rendered, the clerk of that court issued the following notice:

"To Mr. Rafael Muñoz Ramos, attorney for the defendant, San Juan.

"You are hereby notified that the Hon. Court of this district has rendered a judgment in this matter on April 1, 1930, which was duly entered in the proper book, as appears from the record of this case where you can obtain detailed information as to the terms of the said judgment.

"As you are the attorney for the party aggrieved by the judgment, which is appealable, I hereby address this written notice to you, filing a copy thereof.

"San Juan, P. R., April 12, 1930.

"(Signed) Regina Escudero,
"Clerk of the Municipal Court.

"The original of this notice was forwarded on April 15, 1930, as attorney Muñoz was not in his office the day on which this notice was sent by the messenger of this Court.

"San Juan, April 15, 1930.

"(Signed) Regina Escudero,
Clerk."

On April 25, 1930, the losing party entered its appeal. Thereafter the plaintiff filed in the District Court of San Juan a motion to dismiss the appeal on the ground that the same had been taken more than ten days after the service of the notice of the judgment, in contravention of the statute; and, after a hearing, the district court entered an order denying the motion. That order has given rise to the present certiorari proceeding.

The fundamental question to be determined in this case is as to when the statutory period for taking the appeal herein began to run.

José Ryan, defendant in the main action, has moved that the writ be quashed because: (a) The petition has not been verified by the real party in interest; (b) the petition has been verified by an attorney without stating the reasons therefor; (c) the attorney swears to the truth of the facts alleged in the petition, partly of his own knowledge and

partly on information and belief, without specifying which facts he knows of his own knowledge and which on information and belief. Stating his opposition on the merits, said defendant maintains that, in accordance with Act No. 2 of 1929, an appeal must be taken within ten days from the service of a notice of the judgment on the party against whom it was rendered, or on his attorney; that it shall be the duty of the clerk of the court to serve a written notice on the aggrieved party, or his attorney, informing him of the rendition of the judgment; that a copy of said notice shall be filed with the record of the case, and the time for taking the appeal shall begin to run from the filing of such notice.

In rendering its decision the district court said:

"In the present case the clerk of the municipal court filed the notice as a part of the record on April 12, 1930, but without sending a copy thereof by mail or otherwise, and thereafter, on April 15, 1930, she made an entry upon the notice to the effect that on the same date she had sent such copy by messenger to the attorney for the defendant. The personal service of the notice actually took place after the filing thereof, and this being so, there was no compliance with the statutory provision by merely filing with the record a notice which had not yet been served."

The decision of the district court is correct.

Section 1 of Act No. 2 of 1929 reads as follows:

"Section 1 of An Act to regulate appeals from judgments of municipal courts in civil cases, approved March 11, 1908, is hereby amended to read as follows:

" 'Section 1.—When a municipal court has entered judgment in a civil case, disposing finally of the case, any party to the action who considers himself aggrieved may appeal to the district court for the judicial district in which the municipal court is situated. He shall make the appeal by serving a written notice thereof upon the secretary of the municipal court within the ten days following that on which notice of judgment shall have been served on the party

against whom judgment was rendered, or on his attorney, and by serving like notice within a like period on the adverse party or on his attorney; *Provided,* That in all cases where an appeal may be taken, as provided by this section, it shall be the duty of the secretary of the court to send to the aggrieved party, or to his attorney, upon the rendering of such appealable sentence or decision, a written notice informing said aggrieved party that such sentence or decision has been rendered; and a copy of said notice shall be filed with the record of the case. The time for the filing of the appeal shall begin to be counted from the date on which such notice was filed.' "

The service of the notice upon the party, or his attorney, must logically precede or be simultaneous with the filing thereof. In the present case it appears from the record that the notice was served on April 15, 1930, according to the entry made by clerk Regina Escudero on that date and not on April 12, when the filing appears to have been made. There is no doubt that the filing entry should have been made after the date in which it is stated that the notice was sent, or on the same April 15, 1930, and it is from that date that the copy of the notice must be understood to have been duly filed.

The petition must be denied and the writ discharged.